O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY LEE PARKER, | ) | Case No. 5:20-cv-01982-JGB-JC |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |
| D. BURTON, | ) | |
| Respondent. | ) | |

On September 21, 2020, petitioner Terry Lee Parker, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody ("Petition") with exhibits. Petitioner – who was convicted of arson and sentenced to eight years in prison in San Bernardino County Superior Court Case No. 16-CR-001692 and is projected to be released on December 19, 2021 – asserts a single ground for relief in which he requests that this Court modify his sentence because he has been rehabilitated. (Petition at 1-2, 6). He acknowledges that he committed the foregoing offense and does not claim that any legal error occurred, but nonetheless requests that this Court modify his state sentence and release him on conditions that would enable him to complete his rehabilitation. (Petition at 6, 6-1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, dismissal under Rule 4 is required because petitioner's claim is not cognizable in federal habeas review.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (internal citations omitted); see also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (citation omitted). Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question") (citation omitted).

To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both that there was state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Here, petitioner does not allege even a state law error, let alone allege or demonstrate any fundamental unfairness. Nor can petitioner's allegations in the

Petition and exhibits, construed liberally, be read to state any colorable federal constitutional claim or to have any potential basis to do so by amendment. Accordingly, it plainly appears from the Petition and the attached exhibits that the petitioner is not entitled to relief in the district court. Rule 4 requires that the Petition be dismissed.

IT IS THEREFORE ORDERED that the Petition and this action are dismissed.

IT IS SO ORDERED.

DATED: October 20, 2020

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE